SIMPSON & LEDBETTER *vs.* THE CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY.

The value of four bales of cotton at Rome, Georgia, cannot be inferred from the value of six bales (including these four) at Cincin-

nati, Ohio, nor from the value of the other two bales at Rome, it not appearing that these two were of like weight and quality as the four in question. The right to recover at all being doubtful under the evidence, there should be legal and sufficient proof of value.

December 19, 1888.

Trover.    Evidence.    New trial.    Before Judge MAD-DOX.    Floyd superior court.    March term, 1888.

The railway company sued the plaintiffs in error in trover, on March 2, 1886, for "four bales of cotton marked (H) shipped from Collinsville, Alabama, November 6, 1884, and which subsequently went into the possession of said Simpson & Ledbetter, of the value of $200." The plea was the general issue.

On the trial, the plaintiff offered the following evidence: Oliver L. Hall bought cotton and shipped it from Collinsville, on the Alabama Great Southern railroad, to Hawkins & Co., of Cincinnati, Ohio, who, not receiving the six bales shipped, made claim and were paid $292 by the railroad. The shipment was made in November or December, 1884, in a sealed car, by way of Chattanooga, Tennessee. About 400 bales of cotton came through Chattanooga during the cotton season of 1884, consigned to defendants from different persons and from stations on the Alabama Great Southern railroad. In June, 1885, an agent of plaintiff, employed to trace lost cotton, called on defendants, and was introduced by one of them to one Little as the person in charge of the cotton business, and told him that he was looking for the six bales of cotton mentioned, which were numbered 69, 71, 72, 73, 74 and 75. Little produced what he said were all the bills of lading he could find, and stated that one Smith, who looked after the cotton, was then in Texas, but he (Little) knew he did not get but two bales of cotton more than was con-

signed to him.   He showed witness his weight book;
and on page 124 of it, under date of November 29,
1884, witness called attention to the marks and num-
bers there, as follows:

(B)

| | | |
|---|---|---|
| √ 45 | √61 | √57 |
| √ 46 | √51 | √60 |
| √ 44 | 72 | √52 |
| √58 | 71 | √79 |
| √53 | 73 | √48 |
| √59 | √68 | √55 |
| 74 | √67 | √44 |
| 75 | √66 | √50 |
| 69 | √56 | |

Witness told Little that the top mark was an H in the
first place but had been changed, and that the six bales
which did not have the check-mark ( √ ) before them were
the six bales he was looking for; and asked him if he
could explain why the mark had been changed.   He
said he could not; that Smith had charge of that book,
and he (Little) knew nothing about it.   Another wit-
ness testified that, in December, 1884, two bales marked
(H) and numbered 72 and 74 were paid for back to the
railroad by defendants.   Hawkins testified that he
failed to receive the cotton, did not know what be-
came of it, and was paid for it by plaintiff $301.55, its
value at Cincinnati, less freight charges, September 15,
1888.   He attached bills of lading for the cotton, which
showed the marks and numbers above mentioned.

The defendants offered the following evidence : 200
bales of cotton were bought and shipped to them in
Collinsville, in October and November, 1884, marked
(A), (B), (C), (D) ; and about 400 other bales from sta-
tions on the same road marked (H) and (R).   Two bales
marked (H) 72 and 74 came in about December 1 ; and

they checked over and were paid for by defendants to the Rome railroad. This was all that checked over. Brown was depot agent at Collinsville, and most of the loading was done by two or three boys that staid about the depot. There was trouble with some of defendants' cotton sent to them at Rome in November, some of it going to Cincinnati and some to Gadsden. Brown has given two bills of lading for the same cotton. The marks and numbers of (H) that plaintiff's witness claims to have seen on the book were not (H), but (B) or (C) or (D); it all coming in and being weighed about the same time, and the marks appearing on the book alternately; and the checks would be likely to occur on any weight-book, from the weigher's stopping with some checked and some not checked. Little testified positively that defendants did not receive the cotton in question, or he would have known it. Defendants also introduced a letter, dated April 23, 1885, from them to the claim agent of the Rome railroad, stating that they received and sold on December 2, 1884, two bales of cotton marked (H) 72 and (H) 74; that these were taken for 62 and 64 of the same mark short on cotton consigned to them by A. J. Little; and giving the amount for which they were sold.

C. Rowell, for plaintiffs in error.

Wright, Meyerhardt & Wright, *contra.*

Bleckley, Chief Justice.

The defendant in error had a verdict for $200.00, in an action brought to recover damages for the conversion of four bales of cotton, the action being statutory complaint in the nature of trover. Amongst the grounds of a motion made by the plaintiffs in error for a new

trial were, that the verdict was contrary to law, and without evidence to support it.   The motion was over-ruled.

The bales in question were parcel of a lot of six bales, the value of which in Cincinnati, Ohio, was $317.45, or, clear of freight from the point of shipment, $301.55. The value of two bales of the lot at Rome, Georgia, which two bales are not embraced in the present action, was $95.20, as ascertained by actual sale.   There is no evidence in the record to show what the four bales sued for were worth in Rome, the place of conversion, if there was a conversion.   The jury could not rightfully infer the value of four bales at Rome from the value of six bales at Cincinnati, for the Cincinnati market was not the measure of value for a conversion at Rome where the wrong-doers were under no obligation to carry to or deliver at Cincinnati.   Moreover, there was no evidence, that the six bales were of the same average quality, or of like size or weight,   The two sold in Rome differed in weight, and, we may infer, in quality also, as they did not both sell at the same price.   There is no explanation in the record why the plaintiff below did not offer evidence going directly to the value at Rome of the four bales sued for, or else to show that these would average with the two bales not sued for, so as to make the value of the latter form a basis for computing the value of the former.

Perhaps there was evidence enough to warrant the jury in finding that the four lost bales were traced to the hands of the plaintiffs in error, or their employés, but that branch of the case is not strong enough to induce us to overlook its weakness on the proof of value. If this cotton must be paid for at all when liability for it is so doubtful, there should be no lack of as full evidence as can reasonably be adduced of its value at the

place of conversion. It is evident that if it was ever
received at Rome, it was by mutual mistake of the
parties to this action, and that the first mistake must
have been committed by the plaintiff below in causing
it to be carried there and improperly delivered to the
adverse party. The court should have granted a new
trial.

Judgment reversed.